UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD JOHNSON, <br><br> Plaintiff, <br><br> -v- <br><br> DIVERSIFIED CONSULTANTS, INC., <br><br> Defendant. | CASE NO.: 1:19-cv-02675 <br><br> JUDGE: <br><br><br> COMPLAINT <br> JURY TRIAL DEMANDED |

Plaintiff, Donald Johnson, for his complaint against Diversified Consultants. Inc., ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Illinois.

1

PARTIES

4. Plaintiff, Donald Johnson ("Mr. Johnson"), is a natural adult person residing in Chicago, Illinois, which lies within the Northern District of Illinois.

5. Mr. Johnson is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Mr. Johnson is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, Diversified Consultants, Inc., is a Florida Foreign BCA Corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. As Mr. Johnson was checking his credit, he discovered that Defendant was reporting a negative item on his credit report listing the Original creditor as Sprint. ("the Subject Debt"). Relevant pages from Mr. Johnson's credit report are attached to this complaint as Exhibit A.

13. Mr. Johnson's credit report stated that the negative item Defendant placed on his credit report would remain on his credit report until October 2020. *See* Exhibit A. Upon

information and belief, as a collection account remains on a consumer report for seven (7) years from the date of the first delinquency of the underlying debt, the debt at issue fell into delinquency in or about October 2013. *See* Exhibit A; *see also* 15 U.S.C. § 1681c

14. On or around April 17, 2019, Mr. Johnson accessed Defendant's website to ascertain more information about the negative item Defendant placed on his credit report and the Subject Debt Defendant was attempting to collect from him. Screenshot of Defendant's webpages accessed by Mr. Johnson are attached to this complaint as Exhibit B (the "Payment Portal").

15. During Mr. Johnson's access to the Payment Portal, Defendant identified itself to Mr. Johnson as a debt collector attempting to collect upon a debt. *See* Exhibit B.

16. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

17. As of April 17, 2019, the date of Mr. Johnson accessing of Defendant's Payment Portal, the Subject Debt was a time-barred debt, i.e., it fell outside the applicable statute of limitations period.

18. Defendant attempted to collect the Subject Debt by Credit Card and/or Check from Mr. Johnson during his accessing of the Payment Portal. *See* Exhibit B.

19. Despite the time-barred status of the Subject Debt, in attempting to collect the Subject Debt, Defendant's Payment Portal failed to disclose to Mr. Johnson that the Subject Debt was time-barred and/or that Defendant could not sue Mr. Johnson to collect it.

20. Despite the time barred status of the Subject Debt in attempting to collect the Subject Debt, Defendant's Payment Portal failed to disclose to Mr. Johnson that by paying, or just

3

agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the Subject Debt potentially subjecting Mr. Johnson to further legal liability

21. After a reasonable time to conduct discovery, Mr. Johnson believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. In conjunction with Defendant adverse credit reporting concerning the Subject Debt, Mr. Johnson was misled by the Defendant's Payment Portal.

23. Mr. Johnson justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on time-barred debt(s) and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

24. Mr. Johnson justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debts from him.

25. As a result of Defendant's conduct, Mr. Johnson was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26. As a result of Defendant's conduct, Mr. Johnson is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

GROUNDS FOR RELIEF

C<small>OUNT</small> I
V<small>IOLATIONS OF THE</small> F<small>AIR</small> D<small>EBT</small> C<small>OLLECTION</small> P<small>RACTICES</small> A<small>CT</small>
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

27. All prior paragraphs are incorporated into this count by reference.

28. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f through its representations and/or omissions to Mr. Johnson on Defendant's Payment Portal. By attempting to collect on the Subject Debt despite omitting the disclosure of any information to Mr. Johnson, whatsoever, regarding the Subject Debt's time-barred status and/or potential legal consequence of Mr. Johnson paying, or agreeing or pay, or merely acknowledging to pay upon the subject time-barred debt.

30. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Mr. Johnsons.

31. Such representations and/or omissions, by Defendant, served only to confuse and intimidate Mr. Johnson in the hopes that he waived his rights and affirmative defenses under the law. Mr. Johnson was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately

determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

32. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

33. As Mr. Johnson had no prior contractual relationship with Defendant, Mr. Johnson was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

34. As set forth in paragraphs 22 through 26 above, Mr. Johnson has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

### COUNT II
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### *815 ILCS 505/2*

35. All prior paragraphs are incorporated into this count by reference.

36. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

37. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring

>an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

38. Defendant violated the ICFA, namely 815 ILCS 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Mr. Johnson by, *inter alia*: (i) attempting to collect the Subject Debt, through its Payment Portal, after omitting the disclosure of information to Mr. Johnson regarding the Subject Debts' time-barred status, namely, that Defendant could no longer sue Mr. Johnson to collect the Subject Debt; (ii) attempting to collect the Subject Debt, through its Payment Portal, after omitting the disclosure of information to Mr. Johnson regarding the potential legal consequences of Mr. Johnson paying, or agreeing to pay, upon the Subject Debts; and (iii) creating the false impression through, its Payment Portal, that Defendant could still sue Mr. Johnson to collect the Subject Debt.

39. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Mr. Johnson.

40. Defendant intended that Mr. Johnson rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Mr. Johnson from exercising his rights.

41. As set forth in paragraphs 22 through 26, above, Mr. Johnson has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

42. As such, Mr. Johnson is entitled to relief pursuant to 815 ILCS 505/10a.

43. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Mr. Johnson's rights that malice may be inferred,

7

subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Donald Johnson, respectfully requests that this Court enter judgment in his favor as follows:

A.  Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS 505/10a;

B.  Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C.  Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS 505/10a;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E.  Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 19th day of April, 2019.       Respectfully Submitted,

 _/s/ H. Joshua Chaet_
H. Joshua Chaet #6206717
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
josh.c@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

 _/s/ H. Joshua Chaet_
H. Joshua Chaet #6206717
CONSUMER LAW PARTNERS, LLC